**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-14187

Non-Argument Calendar

————————————

MARIA NAVARRO MARTIN,

*Petitioner-Appellant,*

*versus*

STATE OF FLORIDA,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01691-PGB-DCI

————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Maria Navarro Martin, a Florida prisoner proceeding *pro se*, filed a federal habeas petition pursuant to 28 U.S.C. § 2241. The district court denied the petition and dismissed the case without

prejudice, noting that she could file a petition under § 2254. Nearly 15 months later, Navarro Martin filed a motion under Federal Rule of Civil Procedure 60(b) seeking to vacate the district court's order, which was denied. She now appeals the district court's order denying her Rule 60(b) motion. After careful consideration, we affirm.

## I.

In February 2017, Navarro Martin was charged in Florida state court with two counts of Medicaid fraud. She pleaded not guilty to the charges. In February 2024, Florida dropped the charges.

Navarro Martin also faced a second Florida state criminal case. In August 2017, she was charged with one count of witness tampering and one count of conspiring to commit witness tampering. In 2019, the case proceeded to trial. The court dismissed the conspiracy count, and a jury found her guilty of the witness-tampering count. She received a sentence of seven years' imprisonment. In state court, she filed a motion for postconviction relief, which was denied.

In September 2022, Navarro Martin, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, she challenged her conviction and sentence in the witness-tampering case.[1] She raised several claims, including that:

---

[1] In the petition, she also asserted claims related to her then-pending Florida Medicaid fraud case and asked the federal court to order dismissal of the charges against her. After she filed the petition, the State of Florida dismissed

23-14187                Opinion of the Court                3

(1) Florida's statute prohibiting witness tampering was unconstitutionally vague, (2) she received ineffective assistance of counsel because her attorney failed to challenge the witness-tampering statute as unconstitutional, (3) she was deprived of due process at sentencing, (4) the trial court erroneously instructed the jury, (5) the State committed discovery violations, and (6) her rights under the Confrontation Clause of the Constitution were violated. She filed the petition in the Southern District of Florida. At the time of filing, she was in custody at a correctional facility in Ocala, which is in the Middle District of Florida.

Shortly after Navarro Martin filed the petition, the district court in the Southern District of Florida transferred the case to the Middle District of Florida. When the case was transferred to the Middle District, it was assigned initially to the court's Ocala Division. The court in the Ocala Division then transferred the case to the Middle District's Orlando Division.

On September 27, 2022, the district court in the Orlando Division entered a short order denying the petition. It explained that because the petition was attacking a state court conviction, Navarro Martin had to proceed under 28 U.S.C. § 2254 rather than § 2241. The court denied the petition and dismissed the case without prejudice. It noted that Navarro Martin could file a § 2254 petition. The court directed the clerk to close the case. It mailed a copy

---

all the Medicaid fraud charges. Because any habeas claims related to the Medicaid fraud case are now moot, we discuss them no further. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998).

4                     Opinion of the Court                 23-14187

of the order to Navarro Martin, but the mail was returned undelivered.

In June 2023, about nine months after the court denied the petition, Navarro Martin, who had been transferred to a different facility, filed a motion requesting a certified copy of the record. On June 22, the court denied the motion. In its order, the court mentioned that it had denied the petition and dismissed the case without prejudice on September 27, 2022.[2]

In December 2023, Navarro Martin filed a motion under Federal Rule of Civil Procedure 60(b)(4), asking the court to vacate its order denying her petition. She argued that the judgment was void because the court lacked personal jurisdiction over her and because she had been denied due process. In the motion, she stated that she did not receive the district court's dismissal order when it was issued because the court sent the order to the wrong facility.

The district court denied the Rule 60(b)(4) motion on two grounds. First, it determined that Navarro Martin failed to file it within a reasonable time. Second, it concluded that she had not established that the court lacked subject matter or personal jurisdiction or had denied her due process.

This is Navarro Martin's appeal.

---

[2] Navarro Martin appealed the district court's order denying her request for a certified copy of the record. We affirmed. *See Navarro Martin v. Florida*, No. 23-12412, 2025 WL 350355 (11th Cir. Jan. 31, 2025) (unpublished).

## II.

We generally review the denial of a Rule 60(b) motion for abuse of discretion. *Bainbridge v. Gov. of Fla.*, 75 F.4th 1326, 1332 (11th Cir. 2023). But we review *de novo* a district court's determination whether its judgment is void under Rule 60(b)(4) "[b]ecause the question of the validity of a judgment is a legal one." *Id.* (citation modified).

We liberally construe a *pro se* litigant's pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We also liberally construe briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

Rule 60(b) allows a litigant to challenge by motion the validity of a final order or a final judgment. Fed. R. Civ. P. 60(b). The movant bears the burden of showing that she is entitled to relief. *Gonzales v. Crosby*, 545 U.S. 524, 528–29 (2005).

Rule 60(b)(4) allows a federal court to vacate a void judgment. *See* Fed. R. Civ. P. 60(b)(4). A judgment is void under Rule 60(b)(4) when it was "premised either on a certain type of jurisdictional error or on a violation of due process that deprive[d] a party of notice or the opportunity to be heard." *Bainbridge*, 75 F.4th at 1335 (citation modified). We have emphasized that a "judgment is not void simply because it is or may have been erroneous." *Id.* (citation modified).

A party must file a motion under Rule 60(b)(4) within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) (stating that a "motion under Rule 60(b) must be made within a reasonable time"); *see Coney Island Auto Parts Unlimited, Inc. v. Burton*, No. 24-808, 607 U.S. __, 2026 WL 135998 (Jan. 20, 2026) (holding that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time"). To satisfy the reasonable time requirement, a party generally must exercise diligence. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). Litigants are not entitled to relief under Rule 60(b)(4) if they "sleep on their rights." *Id.*; *see Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736–37 (11th Cir. 2014) (affirming denial of Rule 60(b)(4) motion where litigant "sat on his rights" by waiting several months to file the motion).

The district court properly denied Navarro Martin's Rule 60(b)(4) motion because she waited too long to file it. The court entered the order denying her petition in September 2022. But she did not file the Rule 60(b)(4) motion until December 2023, roughly 15 months later. Even if Navarro Martin did not initially receive a copy of the court's order denying her petition, she knew about the order no later than June 2023 when she received the court's order denying her request for a certified copy of the record. That order referred to the denial of the petition. Even though she knew that the court had denied her petition approximately nine months earlier, she still waited about six more months to file her Rule 60(b)(4) motion. Because Navarro Martin failed to file her

23-14187                   Opinion of the Court                   7

Rule 60(b)(4) motion within a reasonable time, the district court properly denied it. We therefore affirm.

**AFFIRMED.**